■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS WISE, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered July 15, 1988, convicting defendant of burglary in the third degree and sentencing him to an indeterminate term of imprisonment of from 2 to 4 years, unanimously affirmed.

Defendant stole a purse from an office at Columbia-Presby-

terian Hospital. When Dr. Yellin, the owner of the purse, accused defendant, who had secreted the purse under his jacket, the defendant fled. He was soon apprehended by hospital security officers, who handcuffed defendant and placed him in a secure room at the hospital. Within minutes, Dr. Yellin identified defendant after viewing him in the room through a "two-way mirror".

The showup arranged in the hospital did not suffer from a "threshold locational impediment". *(People v Riley,* 70 NY2d 523, 531.) While it is not disputed that the hospital security officers were special patrolmen *(see,* Administrative Code of City of New York § 14-106 [c]), that circumstance, not known to Dr. Yellin or defendant, in no way converted the identification setting, an office in a hospital, to a police precinct.

The identification here was proximate in time and location to the burglary, factors which support the admissibility of the identification procedure employed. *(People v Love,* 57 NY2d 1023.)* Absent are the factors which make police station showups generally improper—the suggestibility of the precinct setting itself *(see, People v Riley, supra,* at 531) and the availability of the means to conduct a lineup.

Defendant's remaining contentions are unpreserved; were we to consider them, we would find them to be without merit. Concur—Sullivan, J. P., Ross, Rosenberger, Ellerin and Rubin, JJ.